Steven Berkowitz, Esq. (SBN 124051)
The Kadish Law Group, P.C.
3122 Santa Monica Blvd, Ste. 301
Santa Monica, CA 90404
Telephone: (424) 239-6210
sberkowitz@kadishlawgroup.com

Defendants and Crossclaimants George Ho and George Ho d/b/a Leader Expedite

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SCHENKER, INC., a New York corporation,

Plaintiff,

v.

DARYL HE a/k/a WEN DA HE, individually, STEPHANIE KONG, individually, ACCURATE CARGO SERVICES, a California corporation, GEORGE HO, individually, and GEORGE HO d/b/a LEADER EXPEDITE,

Defendants.

---

GEORGE HO, DBA LEADER EXPEDITE,

Crossclaimant,

v.

DARYL HE, individually; STEPHANIE KONG, individually; ACCURATE CARGO SERVICES, a California corporation; and ROES 1 THROUGH 10, inclusive,

Cross-Defendants.

Case No. 2:16-CV-06321 CAS (PLAx)

**ANSWER OF DEFENDANTS GEORGE HO AND GEORGE HO DBA LEADER EXPEDITE TO FIRST AMENDED COMPLAINT AND CROSSCLAIMS AGAINST DARYL HE, STEPHANIE KONG AND ACCURATE CARGO SERVICES**

**[DEMAND FOR JURY TRIAL]**

**Complaint Filed: August 23, 2016**

Defendants George Ho and George Ho dba Leader Expedite ("Defendants") submit this Answer to the First Amended Complaint ("FAC") and admit, deny and allege as follows:

## INTRODUCTION

1. In answering paragraph 1 of the FAC, Defendants deny each and every allegation contained this paragraph. The word "Enterprise" as defined herein is used in numerous places in the FAC, sometimes (it appears inadvertently) without Plaintiff having capitalize the first letter of this word. For purposes of this Answer, Defendants assume that in every instance in which this term is used, whether capitalized or not, Plaintiff refers to the term "Enterprise" as defined in paragraph 1 of the FAC.

2. In answering paragraph 2 of the FAC, Defendants are informed and believe that Defendant He used to work for Schenker as an Ocean Import Manager and, further, organized ocean freight shipments from origins in Asia, including China, to destinations in the United States, as well as organized trucking services for ocean containers located in the United States ports to be delivered to elsewhere. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 2, and deny the same on that basis.

3. In answering paragraph 3 of the FAC, Defendants admit that Defendant He sent them communications regarding services Defendant He had organized and the status of same, and further admit that they sent invoices for services Defendants had performed. Except as so admitted, Defendants deny they sent invoices for services not performed by them, deny that they received money for services not performed by them or performed by Defendant He, deny that they were involved in any fraudulent operation or the described "Enterprise," deny knowing about any fraudulent operation against Schenker or anyone else, and deny concealing information from Schenker. Except as so admitted and denied, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 3, and deny the same on that basis.

4. In answering paragraph 4 of the FAC, Defendant deny they were in the alleged "Enterprise." Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of this paragraph, and deny the same on that basis.

5. In answering paragraph 5 of the FAC, Defendants deny that they were involved in any fraudulent scheme or the described "Enterprise," deny knowing about any fraudulent operation against Schenker or anyone else, and deny concealing information from Schenker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 5, and

deny the same on that basis.

**JURISDICTION AND VENUE**

6. In answering paragraph 6 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of this paragraph, and deny the same on that basis.

7. In answering paragraph 7 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of this paragraph, and deny the same on that basis.

8. In answering paragraph 8 of the FAC, Defendants admit that they reside/transact business in this district and admits that Accurate Cargo Services transacts business in this district. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 8, and deny the same on that basis.

9. In answering paragraph 9 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of this paragraph, and deny the same on that basis.

**THE PARTIES**

10. In answering paragraph 10 of the FAC, Defendants admit that Schenker maintains offices in the Los Angeles area and throughout the United States to service customers. Defendants further admit that Schenker is in the business or providing freight forwarding and logistic services to customers. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 10, and deny the same on that basis.

11. In answering paragraph 11 of the FAC, Defendants admit that Defendant He had worked for Schenker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 11, and deny the same on that basis.

12. In answering paragraph 12 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 12, and deny the same on that basis.

13. In answering paragraph 13 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 13, and deny the same on that basis.

14. In answering paragraph 14 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 14, and deny the same on that basis.

15. In answering paragraph 15 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 15, and deny the same on that basis.

16. In answering paragraph 16 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 16, and deny the same on that basis.

17. In answering paragraph 17 of the FAC, Defendants admit the allegations of this paragraph.

18. In answering paragraph 18 of the FAC, Defendants object to the allegations about the company called "Leader International" as being incomplete, vague and ambiguous. Without waiving these objections, and subject to them, Defendants deny that George Ho was and/or is associated with a company whose name is Leader International, and deny using an email address associated with a company whose name is Leader International. Further, Defendants object to the allegations that "this company was involved with the shipments at issue in the Enterprise's scheme" as being vague and ambiguous and, further, deny being involved in any fraudulent scheme or the alleged "Enterprise," deny knowing about any fraudulent operation against Schenker or anyone else, and deny concealing information from Schenker. Except as to these denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 18, and deny the same on that basis.

19. In answering paragraph 19 of the FAC, Defendants admit the allegations of this paragraph.

20. In answering paragraph 20 of the FAC, Defendants admit the allegations of this paragraph.

21. In answering paragraph 21 of the FAC, Defendants admit the allegations of this paragraph.

## THE SCHEME

22. In answering paragraph 22 of the FAC, Defendants deny each and every allegation contained in this paragraph.

23. In answering paragraph 23 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 23, and deny the same on that basis.

24. In answering paragraph 24 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 24, and deny the same on that basis.

25. In answering paragraph 25 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 25, and deny the same on that basis.

26. In answering paragraph 26 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 26, and deny the same on that basis.

27. In answering paragraph 27 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 27, and deny the same on that basis.

28. In answering paragraph 28 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 28, and deny the same on that basis.

29. In answering paragraph 29 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 29, and deny the same on that basis.

30. In answering paragraph 30, lines 10 through 18, of the FAC, Defendants admit that they did collect revenue from the Bakersfield Shipments and that they arranged, with ATA Logistics, the delivery of the Bakersfield Shipments, and that they submitted invoices to ATA Logistics. Except for these admissions, Defendants deny that they were involved in the alleged Enterprise, and deny the allegation that they did not arrange the delivery of the Bakersfield Shipments.

In answering paragraph 30, section a., of the FAC, Defendants admit that on or about December 9, 2011, they issued an invoice to ATA for $4,905 and that the description of the services listed in the invoice stated trucking fee and, further, that the invoice listed 9 ocean containers identified by ocean container numbers delivered to Bakersfield, California 93307. They further admit that the invoice contained a bill of lading number, vessel name, voyage number and description of the cargo. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 30, section a., and deny the same on that basis.

In answering paragraph 30, section b., of the FAC, Defendants admit that on or about December 27, 2011, they issued an invoice to ATA for $5,450 and that the description of the services listed in the invoice stated trucking fee and, further, that the invoice listed 10 ocean containers identified by ocean container numbers delivered to Bakersfield, California 93307. They further admit that the invoice contained a bill of lading number, vessel name, voyage number and description of the cargo. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 30, section b., and deny the same on that basis.

31. In answering paragraph 31 of the FAC, Defendants admit that the invoices described in

paragraph 30 of the FAC totaled $10,355. Defendants deny being involved in the alleged Enterprise or fraudulent scheme, and deny all allegations pertaining to the alleged Enterprise. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 31, and deny the same on that basis.

32. In answering paragraph 32 of the FAC, Defendants admit that Schenker spoke with Defendant Ho over the telephone and that Defendant Ho admitted to Schenker that Leader Expedite had invoiced ATA Logistics for delivery services relating to the Bakersfield Shipments. Defendants are informed and believe, and thereon allege, that this telephone conversation occurred in December 2015. Defendants deny the allegation that Defendant Ho stopped communicating with Schenker when, or as a result of, being allegedly told that Schenker had emails showing Defendant He had organized and caused Schenker to pay the expenses. Defendants deny that Defendant Ho asserted that rather than arranging the delivery services himself he contacted ACS to arrange for the delivery services. Defendants admit that both Defendant Ho and ACS were involved in the arrangements. Except for the stated admissions and denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 32, and deny the same on that basis.

33. In answering paragraph 33 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 33, and deny the same on that basis.

34. In answering paragraph 34 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 34, and deny the same on that basis.

35. In answering paragraph 35 of the FAC, Defendants admit that Defendant He did not bill Defendants for services relating to the Bakersfield Shipments but deny that Defendants worked alone or with other defendants to cause Schenker to absorb the expenses for the Bakersfield Shipments. Defendants further deny being involved in the alleged Enterprise or fraudulent scheme, or knowing about any fraud being conducted against Schenker or anyone else. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 35, and deny the same on that basis.

36. In answering paragraph 36 of the FAC, Defendants deny each and every allegation contained in paragraph 36 of the FAC.

37. In answering paragraph 37 of the FAC, Defendants deny that they carried out any fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or were involved with the described Enterprise. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 37, and deny the same on that basis.

38. In answering paragraph 38 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 38, and deny the same on that basis.

39. In answering paragraph 39 of the FAC, Defendants deny that they carried out any fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or were involved with the described Enterprise. Except for these denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 39, and deny the same on that basis.

40. In answering paragraph 40 of the FAC, Defendants object on the grounds that the allegations are vague and ambiguous, and incomplete. Without waiver of these objections, and subject to them, Defendants deny that they carried out any fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else, were involved with the described Enterprise, or took any efforts to conceal information from Schenker. Defendants admit that after Defendant Ho's employment with Schenker ended he sent Defendant He an email, believed to have been sent in March 2010, with Defendant Ho's new contact information, emanating from the email address of george@leaderintl.com and containing the signature block of George Ho, Leader Expedite, 17008 Evergreen Place #D200, City of Industry, California 91745. Defendants further admit that the person "Clark" referred to in this paragraph of the FAC had an email address of clark@leaderintl.com and that the email extension of such person (@leaderintl.com) is the same as used by Defendant Ho in his March 2010 email to Defendant He. Except for these objections, denials and admissions, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 40, and deny the same on that basis.

41. In answering paragraph 41 of the FAC, Defendants deny that they carried out any fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else,

were involved with the described Enterprise, or took any efforts to conceal information from Schenker. Except for these denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 41, and deny the same on that basis.

42. In answering paragraph 42 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 42, and deny the same on that basis.

43. In answering paragraph 43 of the FAC, Defendants deny that they carried out any fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else, were involved with the described Enterprise, or took any efforts to conceal information from Schenker. Except for these denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 43, and deny the same on that basis.

44. In answering paragraph 44 of the FAC, Defendants deny that they carried out the alleged fraudulent scheme, had knowledge of the same, or took any efforts to conceal information from Schenker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 44, and deny the same on that basis.

45. In answering paragraph 45 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 45, and deny the same on that basis.

46. In answering paragraph 46 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 46, and deny the same on that basis.

47. In answering paragraph 47 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from

Schenker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 47, and deny the same on that basis.

48. In answering paragraph 48 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 48, and deny the same on that basis.

49. In answering paragraph 49 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 49, and deny the same on that basis.

50. In answering paragraph 50 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 50, and deny the same on that basis.

51. In answering paragraph 51 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 51, and deny the same on that basis.

52. In answering paragraph 52 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 52, and deny the same on that basis.

53. In answering paragraph 53 of the FAC, Defendants admit that Defendant Ho was involved

as a customs broker for Metro Vista, Inc. Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Except for this admission and denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 53, and deny the same on that basis.

54. In answering paragraph 54 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 54, and deny the same on that basis.

55. In answering paragraph 55 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Except for these denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 55, and deny the same on that basis.

56. In answering paragraph 56 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 56, and deny the same on that basis.

57. In answering paragraph 57 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Except for these denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 57, and deny the same on that basis.

58. In answering paragraph 58 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 58, and deny the same on that basis.

59. In answering paragraph 59 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 59, and deny the same on that basis.

60. In answering paragraph 60 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 60, and deny the same on that basis.

61. In answering paragraph 61 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 61, and deny the same on that basis.

62. In answering paragraph 62 of the FAC, Defendants lack information and belief sufficient to

form a belief about the truth of the allegations of paragraph 62, and deny the same on that basis.

63. In answering paragraph 63 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 63, and deny the same on that basis.

64. In answering paragraph 64 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 64, and deny the same on that basis.

65. In answering paragraph 65 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 65, and deny the same on that basis.

66. In answering paragraph 66, lines 14-20 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Except for these denials, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 66, and deny the same on that basis.

In answering paragraph 66, subsection a. of the FAC, Defendants object to these allegations on the grounds that they are vague and ambiguous. Without waiving these objections, and subject to them, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 66, subsection a., and deny the same on that basis.

In answering paragraph 66, subsection b. of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 66, subsection b., and deny the same on that basis.

67. In answering paragraph 67 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Except for these denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 67, and deny the same on that basis.

68. In answering paragraph 68 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Except for these denials, Defendants lack information and belief sufficient to form a belief

about the truth of the remaining allegations of paragraph 68, and deny the same on that basis.

69. In answering paragraph 69 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Except for these denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 69, and deny the same on that basis.

70. In answering paragraph 70 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Except for these denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 70, and deny the same on that basis.

71. In answering paragraph 71 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Except for these denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 71, and deny the same on that basis.

72. In answering paragraph 72 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. They further deny engaging in any concealment of a scheme or destruction of evidence. Except for these denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 72, and deny the same on that basis.

73. In answering paragraph 73 of the FAC, Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Except for these denials, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 73, and deny the same on that basis.

74. In answering paragraph 74 of the FAC, Defendants incorporate their answer to paragraph 32

of the FAC herein. Except for the incorporation of Defendants' answer to paragraph 32 of the FAC herein, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of paragraph 74, and deny the same on that basis.

**COUNT I**

**RICO § 1962(c)**

75. To the extent that paragraph 75 requires a response, Defendants reassert their answers to all of the preceding paragraphs above as though fully set forth herein.

76. In answering paragraph 76 of the FAC, Defendants admit this allegation contained in this paragraph.

77. In answering paragraph 77 of the FAC, Defendants deny each and every allegation contained this paragraph.

78. In answering paragraph 78 of the FAC, Defendants deny each and every allegation contained this paragraph.

79. In answering paragraph 79 of the FAC, Defendants deny each and every allegation contained this paragraph.

80. In answering paragraph 80 of the FAC, Defendants deny each and every allegation contained this paragraph.

81. In answering paragraph 81, lines 18-20, and subsections a., b., and c. (page 23, line 27 – page 23, line 1) of the FAC, Defendants deny each and every allegation contained this paragraph and stated subsections above. With respect to the entirety of paragraph 81, subsection c, subsubsections i through xxi., Defendants deny that they carried out the alleged fraudulent or wrongful scheme, knew of any fraudulent scheme being conducted against Schenker or anyone else or engaged in the alleged "Enterprise," or took any efforts to conceal information from Schenker. Defendants further deny that they knew Defendant He would not cause Schenker to issue invoices to Ho and third parties or that Schenker would receive no revenue for services performed by Schenker and that only the alleged Enterprise would receive revenue. Defendants further deny knowing what payments, if any, Schenker had made and not made, including, but not limited to, RoadEx. Defendants further deny the use of the

United States mail to aid in any wrongful or fraudulent conduct. Defendants further deny engaging in any misrepresentations of costs or other facts. Defendants further deny making false invoices or "absurdly low rate" invoices to induce Schenker to pay for costs associated with various services.

Defendants admit that on or about December 9, 2011, they issued an invoice to ATA for $4,905 and that the description of the services listed in the invoice stated trucking fee and, further, that the invoice listed 9 ocean containers identified by ocean container numbers delivered to Bakersfield, California 93307. They further admit that the invoice contained a bill of lading number, vessel name, voyage number and description of the cargo. Defendants further admit that on or about December 27, 2011, they issued an invoice to ATA for $5,450 and that the description of the services listed in the invoice stated trucking fee and, further, that the invoice listed 10 ocean containers identified by ocean container numbers delivered to Bakersfield, California 93307. They further admit that the invoice contained a bill of lading number, vessel name, voyage number and description of the cargo.

Except for these denials and admissions, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations of these subsubsections in paragraph 81 and deny the same on that basis.

82. In answering paragraph 82 of the FAC, Defendants deny each and every allegation contained this paragraph.

83. In answering paragraph 83 of the FAC, Defendants deny each and every allegation contained this paragraph.

84. In answering paragraph 84 of the FAC, Defendants deny each and every allegation contained this paragraph.

**COUNT II**

**RICO § 1962(d)**

85. To the extent that paragraph 85 requires a response, Defendants reassert their answers to all of the preceding paragraphs above as though fully set forth herein.

86. In answering paragraph 86 of the FAC, Defendants admit this allegation contained in this paragraph.

87. In answering paragraph 87 of the FAC, Defendants deny each and every allegation contained this paragraph.

88. In answering paragraph 88 of the FAC, Defendants deny each and every allegation contained this paragraph.

89. In answering paragraph 89 of the FAC, Defendants deny each and every allegation contained this paragraph.

## COUNT III

### Breach of duty of loyalty

90. To the extent that paragraph 90 requires a response, Defendants reassert their answers to all of the preceding paragraphs above as though fully set forth herein.

91. In answering paragraph 91 of the FAC, Defendants admit this allegation contained in this paragraph.

92. In answering paragraph 92 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 92, and deny the same on that basis.

93. In answering paragraph 93 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 93, and deny the same on that basis.

94. In answering paragraph 94 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 94, and deny the same on that basis.

95. In answering paragraph 95 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 95, and deny the same on that basis.

96. In answering paragraph 96 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 96, and deny the same on that basis.

## COUNT IV

### Aiding and abetting breach of duty of loyalty

97. To the extent that paragraph 97 requires a response, Defendants reassert their answers to all of the preceding paragraphs above as though fully set forth herein.

98. In answering paragraph 98 of the FAC, Defendants admit this allegation contained in this paragraph.

99. In answering paragraph 99, Defendants object on the basis that it is vague and ambiguous. Without waiving these objections, and subject to them, Defendants knew that for a certain period of time Defendant He was an employee of Schenker, but deny all other allegations in this paragraph as they pertain to the Defendants. Except for the objections and denials, with respect to all remaining allegations, not pertaining to the Defendants, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 99, and deny the same on that basis.

100. In answering paragraph 100 of the FAC, Defendants deny each and every allegation contained this paragraph.

101. In answering paragraph 101 of the FAC, Defendants deny each and every allegation contained this paragraph.

102. In answering paragraph 102 of the FAC, Defendants deny each and every allegation contained this paragraph.

**COUNT V**

**Fraud**

103. To the extent that paragraph 103 requires a response, Defendants reassert their answers to all of the preceding paragraphs above as though fully set forth herein.

104. In answering paragraph 104 of the FAC, Defendants admit this allegation contained in this paragraph.

105. In answering paragraph 105 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 105, and deny the same on that basis.

106. In answering paragraph 106 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 106, and deny the same on that basis.

107. In answering paragraph 107 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 107, and deny the same on that basis.

108. In answering paragraph 108 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 108, and deny the same on that basis.

109. In answering paragraph 109 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 109, and deny the same on that basis.

110. In answering paragraph 110 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 110, and deny the same on that basis.

111. In answering paragraph 111 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 111, and deny the same on that basis.

112. In answering paragraph 112 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations of paragraph 112, and deny the same on that basis.

## COUNT VI

### Aiding and abetting fraud

113. To the extent that paragraph 113 requires a response, Defendants reassert their answers to all of the preceding paragraphs above as though fully set forth herein.

114. In answering paragraph 114 of the FAC, Defendants admit this allegation contained in this paragraph.

115. In answering paragraph 115 of the FAC, Defendants deny each and every allegation contained this paragraph.

116. In answering paragraph 116 of the FAC, Defendants deny each and every allegation contained this paragraph.

117. In answering paragraph 117 of the FAC, Defendants deny each and every allegation contained this paragraph.

118. In answering paragraph 118 of the FAC, Defendants deny each and every allegation contained this paragraph.

## PRAYER FOR RELIEF

1. That Plaintiff take nothing by reason of the First Amended Complaint and that judgment be rendered in favor of Defendants;

2. That Defendants be awarded their reasonable attorneys' fees pursuant to any

applicable statute providing for same;

3. That Defendants be awarded his costs of suit incurred in defense of this action; and

4. For such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Neither the FAC as a whole nor the counts asserted against Defendants state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff, by its own acts and/or omissions, has waived any and all claims that it may have against Defendants.

### THIRD AFFIRMATIVE DEFENSE

The claims against Defendants are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff consented to the alleged conduct of Defendants complained of in the FAC, which conduct is hereby denied. Accordingly, any alleged damages that occurred were either privileged, justified and/or excused.

### FIFTH AFFIRMATIVE DEFENSE

The claims against Defendants are barred, in whole or in party, by the doctrine of acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

The claims against Defendants are barred, in whole or in part, by the doctrine of ratification.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because it has failed to mitigate its alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs claims are barred by its unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, pursuant to, but not limited to: the 3-year limitations for fraud under C.C. P. §338, the four-year limitation period for RICO claims (see Agency Holding Corp. v. Malley-Duff & Associates (1987) 483 U.S. 143, 156); and the 4-year limitations for breach of the duty of loyalty under C.C. P. §343.

**ELEVENTH AFFIRMATIVE DEFENSE**

The liability of Defendants, if any, is indemnified by others.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in party, by Plaintiff's lack of privity with Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were not caused by Defendants, and are not attributable to the acts or omissions of Defendants.

**FOURTEENH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has not suffered any hard as a result of any acts or omissions by Defendants as alleged in the FAC, and any damage or hard alleged therein are attributable to causes other than the alleged acts or omissions of Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are too speculative to be recoverable at law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any obligations of Defendants to Plaintiff were excused, in full or in part.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Any obligations of Defendants to Plaintiff were discharged.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the superceding acts or fraud of her or third persons whose acts or omissions caused Plaintiff's damages if any.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants presently have insufficient knowledge or information upon which to form a belief whether they may have additional, as yet unstated, affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses are appropriate.

**GEORGE HO'S (DBA LEADER EXPEDITE) CROSSCLAIMS AGAINST DARYL HE,**

**STEPHANIE KONG AND ACCURATE CARGO SERVICES**

Defendant and Crossclaimant GEORGE HO, dba Leader Expedite, alleges as follows for his crossclaims against Cross-Defendants Daryl He, Stephanie Kong and Accurate Cargo Services (collectively referred to as the "Cross-Defendants"):

**PARTIES**

1. Crossclaimant George Ho, dba Leader Expedite ("HO"), is, at all pertinent times, an individual residing in Los Angeles, California and doing business as Leader Expedite.

2. HO is informed and believes, and upon such information and belief alleges, that Cross-Defendant Daryl He is, at all pertinent times, an individual residing in Los Angeles, California.

3. HO is informed and believes, and upon such information and belief alleges, that Cross-Defendant Stephanie Kong is, at all pertinent times, an individual residing in Los Angeles, California.

4. HO is informed and believes, and upon such information and belief alleges, that Cross-Defendant Accurate Cargo Services is, at all pertinent times, a California corporation with its principal place of business in California.

**JURISDICTION AND VENUE**

5. To the extent that this Court finds diversity jurisdiction under 28 U.S.C. §1332 over the underlying First Amended Complaint ("FAC"), such jurisdiction shall extend to these crossclaims.

6. Venue is proper in this Court only to the extent it is proper for the underlying FAC.

**COUNT I**

**(Equitable Indemnity Against All Cross-Defendants)**

7. HO restates and incorporates by reference each and every allegation contained in the preceding paragraphs of these crossclaims as if fully set forth herein.

8. At no time during the underlying transactions described in the FAC did HO have any privity of contract with Plaintiff, enter into any transactions with Plaintiff, submit any invoices to Plaintiff for payment, or receive any payment from Plaintiff.

9. HO denies any liability in connection with the matters alleged and complained of in the

underlying FAC; and further alleges that any liability to Plaintiff herein arises from the acts and omissions of the Cross-Defendants, and each of them.

10. As a direct result of any liability by HO to Plaintiff, HO will have also incurred expenses in the form of attorneys' fees, court costs and other litigation in defense of the FAC.

11. By reason of the foregoing, HO is entitled to equitable indemnification by the Cross-Defendants in defense of the underlying FAC.

**COUNT II**

**(Contribution Against All Cross-Defendants)**

12. HO restates and incorporates by reference each and every allegation contained in the preceding paragraphs of these crossclaims as if fully set forth herein.

13. HO contends that he is in no way legally responsible for the damages alleged in the FAC. However, if as a result of the matters alleged in the FAC, HO is held liable for all or any part of Plaintiffs alleged damages, Cross-Defendants herein, and each of them, to the extent that their fault is determined by the trier of fact, are obligated to reimburse and are liable to Ho for all or any liability so assessed by way of contribution, and HO accordingly asserts herein such right to contribution.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Cross-claimant George Ho, dba Leader Expedite, prays as follows:

1. For declaratory judgment that George Ho, dba Leader Expedite, is entitled to complete indemnification by each and all of the Cross-Defendants for the full amount of any loss suffered and/or judgment paid as a result of the FAC.

2. For an order declaring the percentage of fault, if any, between HO and the Cross-Defendants, and each of them, for damages and losses alleged caused to Plaintiff.

3. For an order awarding judgment in favor of Ho against Cross-Defendants, and each of them, based upon the relative percentage of fault of each party including the Plaintiff

4. For attorneys' fees and costs incurred in defense of the underlying FAC.

5. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Defendants/Crossclaimants hereby demand a jury trial of all issues raised in this matter.

The Kadish Law Group. P.C.

DATED: November 16, 2016 By:

*/s/ Steven Berkowitz*

Steven Berkowitz, attorneys for Defendants and Cross-claimants George Ho and George Ho d/b/a Leader Expedite