LAW OFFICE OF MICHAEL J. PONCE
MICHAEL J. PONCE, Esq.
SBN 120100
9663 E. Garvey Ave. Ste. 126
South El Monte California 91733
Telephone: (626) 575-5878
Facsimile : (626) 575-5885

Attorney for Defendants Stephanie Kong, Individually and Accurate Cargo Services, a California corporation

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHENKER, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>DARYL HE a/k/a WEN DA HE, individually, STEPHANIE KONG, individually, ACCURATE CARGO SERVICES, a California corporation, GEORGE HO, individually, and GEORGE HO d/b/a LEADER EXPEDITE,<br><br>Defendants. | CASE NO. 2:16-CV-06321 CAS (PLAx)<br><br>ANSWER OF DEFENDANTS STEPHANIE KONG, INDIVIDUALLY AND ACCURATE CARGO SERVICES, A CALIFORNIA CORPORATION TO FIRST AMENDED COMPLAINT<br><br>[DEMAND FOR JURY TRIAL]<br><br>Complaint Filed: August 23, 2106 |
| GEORGE HO, DBA LEADER EXPEDITE,<br><br>Crossclaimant,<br><br>v.<br><br>DARYL HE, individually, STEPHANIE KONG, individually, ACCURATE CARGO SERVICES, a California corporation; and ROES 1THROUGH 10, inclusive,<br><br>Cross-Defendants. | |

STEPHANIE KONG, individually, ACCURATE CARGO SERVICES, a California corporation;

Crossclaimants,

v.

GEORGE HO, individually and GEORGE HO d/b/a LEADER EXPEDITE and MOES 1THROUGH 10, inclusive,

Cross-Defendants.

/ / /

/ / /

/ / /

1. Defendants STEPHANIE KONG and ACCURATE CARGO SERVICES, a California corporation ("Defendants") submit this Answer to the First Amended Complaint ("FAC") and Crossclaims and admit, deny and allege as follows:

2. Answering paragraph 1 of the FAC, Defendants deny each and every allegation therein.

3. Answering paragraph 2 of the FAC, Defendants are informed and believe that Defendant HE used to work for Schenker as an Ocean Import manager and organized ocean freight shipments in Asia to various destinations in the United States as well as organized trucking services within the United States. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

4. Answering paragraph 3 of the FAC, Defendants admit that Defendant HE sent numerous communications to Defendants regarding progress of the services HE organized and invoices for services performed by Defendants. Defendants deny they sent invoices to third parties for services Defendants did not perform, deny they received money for services not performed by them and deny that they were associates involved in any fraudulent operation or "Enterprise" and or deny divided any money among other Defendants from a fraudulent "Enterprise." Except as so admitted and denied, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

5. Answering paragraph 4 of the FAC, Defendants deny that they were associates involved in any fraudulent operation or "Enterprise." Defendants lack information and belief sufficient to form a belief about the truth of the

remaining allegations and deny the same on that basis.

6. Answering paragraph 5 of the FAC, Defendants deny that they were associates involved in any fraudulent operation or "Enterprise" or in any attempt to conceal their conduct from Schenker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

7. Answering paragraph 6 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

8. Answering paragraph 7 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

9. Answering paragraph 8 of the FAC, Defendants admit Defendant Stephanie Kong lives in this district and Defendant Accurate Cargo Services transacts business in this district. Defendants are informed and believe that Defendant Daryl Wen He, George Ho, individually, and d/b/a Leader Expedite, transact business in this district. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

10. Answering paragraph 9 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

11. Answering paragraph 10 of the FAC, Defendants admit Schenker is in the business of providing freight forwarding, and logistics services in the United States and around the globe. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

12. Answering paragraph 11 of the FAC, Defendants are informed and believe that Defendant HE was hired by Schenker in June 2006 as an Ocean Import Coordinator and worked in Carson and is a resident of California.

13. Answering paragraph 12 of the FAC, Defendants admit the allegations therein.

14. Answering paragraph 13 of the FAC, Defendants admit the allegations therein.

15. Answering paragraph 14 of the FAC, Defendants admit that Kong is president, designated agent for service of process and sole owner, of Defendant ACS. Defendants deny that they participated in any "scheme described in this complaint. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

16. Answering paragraph 15 of the FAC, Defendants admit the allegations therein.

17. Answering paragraph 16 of the FAC, Defendants admit the allegations therein.

18. Answering paragraph 17 of the FAC, Defendants admit that Defendant HO previously did work at Schenker as a customer broker. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

19. Answering paragraph 18 of the FAC, Defendants deny any Enterprise or scheme existed or that Defendants were involved in any such Enterprise scheme. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

20. Answering paragraph 19 of the FAC, Defendants lack information

and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

21. Answering paragraph 20, based on information and belief, Defendants admit the allegations therein.

22. Answering paragraph 21, based on information and belief, Defendants admit the allegations therein.

23. Answering paragraph 22 of the FAC, Defendants denies each and every allegation contained therein.

24. Answering paragraph 23 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

25. Answering paragraph 24 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

26. Answering paragraph 25 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

27. Answering paragraph 26 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

28. Answering paragraph 27 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

29. Answering paragraph 28 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

30. Answering paragraph 29 of the FAC, Defendants lack information

and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

31. Answering paragraph 30 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

32. Answering paragraph 31 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

33. Answering paragraph 32 of the FAC, Defendants admit Defendant HO has contacted Defendant ACS to arrange delivery services but Defendants lack information and belief sufficient to form a belief about the truth of the specific invoices listed in this paragraph and the remaining allegations and deny the same on that basis.

34. Answering paragraph 33 of the FAC, Defendants admit Defendant HO has contacted Defendant ACS to arrange delivery services and admit that they received e-mails from Defendant HE from his Schenker e-mail address from time to time; but Defendants lack information and belief sufficient to form a belief about the truth of the specific invoices listed in this paragraph and the remaining allegations and deny the same on that basis.

35. Answering paragraph 34 of the FAC, Defendants admit Defendant admit that they received proof of deliveries from Defendant HE from his Schenker e-mail address from time to time; but Defendants lack information and belief sufficient to form a belief about the truth of the specific invoices listed in this paragraph and the remaining allegations and deny the same on that basis.

36. Answering paragraph 35 of the FAC, Defendants admit that they did receive invoices from Schenker and paid Schenker in excess of

$200,000.00; Defendants denies each and every remaining allegation contained therein.

37. Answering paragraph 36 of the FAC, Defendants denies each and every allegation contained therein.

38. Answering paragraph 37 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

39. Answering paragraph 38 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

40. Answering paragraph 39 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

41. Answering paragraph 40 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

42. Answering paragraph 41 of the FAC, Defendants admit that Defendant HE sent documentation to Defendants from time to time but lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis. Defendants further deny that they acted together with Defendant HE to defraud Schenker and deny any type of "Enterprise" or involvement in any type of "Enterprise" designed to defraud Schenker.

43. Answering paragraph 42 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

44. Answering paragraph 43 of the FAC, Defendants lack information

and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

45. Answering paragraph 44 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

46. Answering paragraph 45 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

47. Answering paragraph 46 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

48. Answering paragraph 47 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

49. Answering paragraph 48 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

50. Answering paragraph 49 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

51. Answering paragraph 50 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

52. Answering paragraph 51 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

53. Answering paragraph 52 of the FAC, Defendants lack information

and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

54. Answering paragraph 53 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

55. Answering paragraph 54 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

56. Answering paragraph 55 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

57. Answering paragraph 56 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

58. Answering paragraph 57 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

59. Answering paragraph 58 of the FAC, Defendants admit only that Defendant HE briefly worked for ACS. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

60. Answering paragraph 59 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

61. Answering paragraph 60 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

62. Answering paragraph 61 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

63. Answering paragraph 62 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

64. Answering paragraph 63 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

65. Answering paragraph 64 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

66. Answering paragraph 65 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

67. Answering paragraph 66 of the FAC, Defendants admit that Defendant HE sent emails to Defendants from time to time but lack information and belief sufficient to form a belief about the truth of the specific remaining allegations and deny the same on that basis. Defendants further deny that they acted together with Defendant HE to defraud Schenker and deny any type of scheme or involvement in any type of scheme designed to defraud Schenker.

68. Answering paragraph 67 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

69. Answering paragraph 68 of the FAC, Defendants admit that they made payments to Schenker during the period January 2012 and March 2013

totaling almost $200,000.00. Defendants lack information and belief sufficient to form a belief about the truth of the specific remaining allegations and deny the same on that basis. Defendants further deny that they acted together to defraud Schenker; were part of any type of "Enterprise" and deny any type of scheme or involvement in any type of scheme or "Enterprise" designed to defraud Schenker.

70. Answering paragraph 69 Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis. Defendants further deny that they acted together to defraud Schenker; were part of any type of "Enterprise" and deny any type of scheme or involvement in any type of scheme or "Enterprise" designed to defraud Schenker.

71. Answering paragraph 70 of the FAC, Defendants admit that they made payments to Schenker during the period January 2012 and March 2013 totaling almost $200,000.00. Defendants lack information and belief sufficient to form a belief about the truth of the specific remaining allegations and deny the same on that basis. Defendants further deny that they acted together to defraud Schenker; were part of any type of "Enterprise" and deny any type of scheme or involvement in any type of scheme or "Enterprise" designed to defraud Schenker.

72. Answering paragraph 71 of the FAC, Defendants admit that they made payments to Schenker during the period January 2012 and March 2013 totaling almost $200,000.00. Defendants lack information and belief sufficient to form a belief about the truth of the specific remaining allegations and deny the same on that basis. Defendants further deny that they acted together to defraud Schenker; were part of any type of "Enterprise" and deny any type of scheme or involvement in any type of

scheme or "Enterprise" designed to defraud Schenker.

73. Answering paragraph 72 of the FAC, Defendants admit that they made payments to Schenker during the period January 2012 and March 2013 totaling almost $200,000.00. Defendants lack information and belief sufficient to form a belief about the truth of the specific remaining allegations and deny the same on that basis. Defendants further deny that they acted together to defraud Schenker; were part of any type of "Enterprise" and deny any type of scheme or involvement in any type of scheme or "Enterprise" designed to defraud Schenker.

74. Answering paragraph 73 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis. Defendants further deny that they acted together to defraud Schenker; were part of any type of "Enterprise" and deny any type of scheme or involvement in any type of scheme or "Enterprise" designed to defraud Schenker.

75. Answering paragraph 74 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis. Defendants further deny that they acted together to defraud Schenker; were part of any type of "Enterprise" and deny any type of scheme or involvement in any type of scheme or "Enterprise" designed to defraud Schenker.

76. Answering paragraph 75 of the FAC, Defendants incorporate and reassert their answers to paragraphs 1-61 herein as though fully set forth.

77. Answering paragraph 76 of the FAC, Defendants admit this count is alleged against all of the named Defendants.

78. Answering paragraph 77 of the FAC, Defendants deny each and every allegation therein.

79. Answering paragraph 78 of the FAC, Defendants deny each and every allegation therein.

80. Answering paragraph 79 of the FAC, Defendants deny each and every allegation therein.

81. Answering paragraph 80 of the FAC, Defendants deny each and every allegation therein.

82. Answering paragraph 81 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the following allegations and deny the same on that basis: the specific allegations contained in subparagraph vi., vii, viii, x, and vii. Defendants deny each and every allegation contained in subparagraphs a., b., and c. Defendants further deny that they acted together to defraud Schenker; were part of any type of "Enterprise" and deny any type of scheme or involvement in any type of scheme or "Enterprise" designed to defraud Schenker; deny that they committed mail fraud, or wire fraud as alleged in c.i. - cxxi.

83. Answering paragraph 82 of the FAC, Defendants deny each and every allegation therein.

84. Answering paragraph 83 of the FAC, Defendants deny each and every allegation therein.

85. Answering paragraph 84 of the FAC, Defendants deny each and every allegation therein.

86. Answering paragraph 85 of the FAC, Defendants incorporate and reassert their answers to paragraphs 1-71 herein as though fully set forth.

87. Answering paragraph 86 of the FAC, Defendants admit this count is alleged against all of the named Defendants.

88. Answering paragraph 87 of the FAC, Defendants deny each and every allegation therein.

89. Answering paragraph 88 of the FAC, Defendants deny each and every allegation therein.

90. Answering paragraph 89 of the FAC, Defendants deny each and every allegation therein.

91. Answering paragraph 90 of the FAC, Defendants incorporate and reassert their answers to paragraphs 1-76 herein as though fully set forth.

92. Answering paragraph 91 of the FAC, Defendants admit this count is alleged against Defendant HE.

93. Answering paragraph 92 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

94. Answering paragraph 93 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

95. Answering paragraph 94 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

96. Answering paragraph 95 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

97. Answering paragraph 96 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

98. Answering paragraph 97 of the FAC, Defendants incorporate and reassert their answers to paragraphs 1-83 herein as though fully set forth.

99. Answering paragraph 98 of the FAC, Defendants admit the allegation contained in this paragraph.

100. Answering paragraph 99 of the FAC, Defendants admit they knew Defendant HE was an employee of Schenker for a period of time. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

101. Answering paragraph 100 of the FAC, Defendants deny each and every allegation therein.

102. Answering paragraph 101 of the FAC, Defendants deny each and every allegation therein.

103. Answering paragraph 102 of the FAC, Defendants deny each and every allegation therein.

104. Answering paragraph 103 of the FAC, Defendants incorporate and reassert their answers to paragraphs 1-89 herein as though fully set forth.

105. Answering paragraph 104 of the FAC, Defendants admit this count is alleged against Defendant HE.

106. Answering paragraph 105 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

107. Answering paragraph 106 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

108. Answering paragraph 107 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

109. Answering paragraph 108 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

110. Answering paragraph 109 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

111. Answering paragraph 110 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

112. Answering paragraph 111 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

113. Answering paragraph 112 of the FAC, Defendants lack information and belief sufficient to form a belief about the truth of the allegations and deny the same on that basis.

114. Answering paragraph 113 of the FAC, Defendants incorporate and reassert their answers to paragraphs 1-99 herein as though fully set forth.

115. Answering paragraph 114 of the FAC, Defendants admit the allegation contained in this paragraph.

116. Answering paragraph 115 of the FAC, Defendants admit they knew Defendant HE was an employee of Schenker for a period of time. Defendants lack information and belief sufficient to form a belief about the truth of the remaining allegations and deny the same on that basis.

117. Answering paragraph 116 of the FAC, Defendants deny each and every allegation therein.

118. Answering paragraph 117 of the FAC, Defendants deny each and every allegation therein.

119. Answering paragraph 118 of the FAC, Defendants deny each and every allegation therein.

**PRAYER**

1. That Plaintiff take nothing by its FAC and that judgment by rendered in favor of Defendants;

2. That Defendants by awarded their reasonable attorneys' fees pursuant to any applicable statute providing for the same;

3. That Defendants be awarded their costs of suit incurred in defense of this action;

4. That Defendants be granted such other relief as the Court deems proper and just.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's FAC, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's complaint, and each purported cause of action alleged therein, is barred in whole or in part to the extent plaintiff seeks relief for any claim that did not accrue within the applicable statute of limitations period before commencement of this action.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's purported causes of action are barred in whole or in part by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's purported causes of action are barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's purported causes of action are barred in whole or in part because Plaintiff is estopped by Plaintiff's own conduct to claim any right to damages or any relief against these Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's purported causes of action are barred in whole or in part by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's purported causes of action are barred in whole or in part because Plaintiff has not been damaged or injured in any way by any act or omission of these Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's purported causes of action are barred in whole or in part because there does not exist a contract between Plaintiff and Defendants.

**NINTH AFFIRMATIVE DEFENSE**

These answering Defendants are informed and believe that the FAC and each cause of action therein, are barred because Plaintiff failed to mitigate the damages allegedly suffered.

**TENTH AFFIRMATIVE DEFENSE**

These answering Defendants are informed and believe that the injuries and/or damages, if any, of Plaintiff as alleged in this action were caused because the complaining party failed to exercise ordinary and/or reasonable care, caution or prudence to prevent such injuries and/or damages, and the damages, if any, recoverable by the complaining party in this action must be reduced or eliminated due to that party's comparative fault and/or contributory negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

The liability of Defendants, if any, is indemnified by others.

**TWELFTH AFFIRMATIVE DEFENSE**

These answering Defendants have paid all monies owed to Plaintiff and to date have paid over $200,000.00 to Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

These answering Defendants are informed and believe that the FAC, and each cause of action therein, is barred because all the conduct, acts and omissions complained of therein were performed in or with, and/or were the result of good faith.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are too speculative to be recoverable at law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any obligations of Defendants to Plaintiff were excused, in whole or in part.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any obligations of Defendants to Plaintiff were discharged.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the superseding acts or fraud of third parties whose acts or omissions caused Plaintiff's damages, if any.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendants presently have insufficient knowledge or information upon which to form a belief whether there may be additional unstated defenses. Defendant reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**DEFENDANTS STEPHANIE KONG'S, INDIVIDUALLY AND ACCURATE CARGO SERVICES', a CALIFORNIA CORPORATION CROSS CLAIMS AGAINST DEFENDANT GEORGE HO, INDIVIDUALLY AND GEORGE HO d/b/a LEADER EXPEDITE**

**PARTIES**

Defendants and Crossclaimants STEPHANIE KONG, individually and ACCURATE CARGO SERVICES, a California corporation, (collectively referred to as the "Crossclaimants") allege as follows for their crossclaims against Defendant GEORGE HO, individually and GEORGE HO d/b/a LEADER EXPEDITE (collectively referred to as the "Cross-Defendants"):

1. Crossclaimant STEPHANIE KONG, was at all pertinent times, an individual residing in Los Angeles County, California and the President of Crossclaimant ACCURATE CARGO SERVICES ("ACS").

2. Crossclaimant ACS is at all pertinent times a California Corporation with its principal place of business in State of California and was authorized to conduct business in the County of Los Angeles and State of California.

3. Crossclaimants are informed and believe, and upon such information and belief, alleges that Cross Defendant HO was an individual residing in Los Angeles, California and was doing business as LEADER EXPEDITE.

**JURISDICTION AND VENUE**

4. To the extent that this Court finds diversity jurisdiction under 28 U.S.C. §1332 over the underlying First Amended Complaint ("FAC"), such jurisdiction shall extend to these crossclaims.

5. Venue is proper in this Court only to the extent it is proper for the underlying FAC.

**COUNT 1**

**(Equitable Indemnity Against Cross Defendants)**

6. Crossclaimants restate and incorporate by reference each and every allegation contained in the preceding paragraphs of these crossclaims as if fully set forth herein.

7. At no time during the underlying transction described in the FAC did KONG or ACS have any privity of contract with Plaintiff, enter into any transactions with Plaintiff, submit any invoices to Plaintiff for payment or receive any payment from Plaintiff.

8. Crossclaimants deny any liability in connection with the matters alleged and complained of in the underlying FAC; and further alleges that any liability to Plaintiff herein arises from the acts and omissions of the Cross-Defendants, and each of them.

9. As a direct result of any liability by KONG or ACS to Plaintiff, Crossclaimants will have also incurred expenses in the form of attorney's fees, court costs and other litigation in defense of the FAC.

10. By reason of the foregoing, Crossclaimants are entitled to equitable indemnification by the Cross-Defendants in defense of the underlying FAC.

**COUNT II**

**(Contribution Against All Cross-Defendants)**

11. Crossclaimants restate and incorporate by reference each and every allegation contained in the preceding paragraphs of these crossclaims as if fully set forth herein.

12. Crossclaimants contend that they are in no way legally responsible for the damages alleged in the FAC. However, if as a result of the matters alleged in the FAC, Crossclaimants are held liable for all or any part of

Plaintiff's alleged damages, Crossclaimants herein, and each of them, to the extent that their fault is determined by the trier of fact, are obligated to reimburse and are liable to Crossclaimants for all or any liability so assessed by way of contribution, and Crossclaimants accordingly asserts here such right to contribution.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants and Crossclaimants STEPHANIE KONG and ACS, pray as follows:

1. For declaratory judgment that STEPHANIE KONG and ACS are entitled to complete indemnification by each and all of the Cross-Defendants for the full amount of any loss suffered and/or judgment paid as a result of the FAC.

2. For an order declaring the percentage of fault, if any, between Crossclaimants and HO, and each of them, for damages and losses alleged caused to Plaintiff.

3. For an order awarding judgment in favor of Crossclaimants against Cross-Defendants, and each of them, based upon the relative percentage of fault of each party including the Plaintiff.

4. For attorneys' fees and costs incurred in defense of the underlying FAC.

5. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Defendants/Crossclaimants hereby demand a jury trial of all issues raised in this matter.

Dated: October 11, 2016

LAW OFFICE OF MICHAEL J. PONCE

By: _/s/ Michael J. Ponce_
Michael J. Ponce
Attorneys for Defendants Stephanie Kong and Accurate Cargo Services