Mark Sayre #111168
FOLEY & MANSFIELD, PLLP
300 S. Grand Ave., Suite 2800
Los Angeles, CA 90017
msayre@foleymansfield.com
(213) 283-2100 (telephone)
(213) 283-2101 (facsimile)

Nicole Auerbach, IL Bar No. 6217095 (*pro hac)*
Daniel Wucherer, IL Bar No. 6304338 (*pro hac)*
VALOREM LAW GROUP LLP
218 N. Jefferson St., Suite 300
Chicago, IL 60661
nicole.auerbach@valoremlaw.com
daniel.wucherer@valoremlaw.com
(312) 676-5460 (telephone)
(312) 676-5499 (facsimile)

*Attorneys for Plaintiff Schenker, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCHENKER, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>DARYL HE a/k/a WEN DA HE, individually, STEPHANIE KONG, individually, ACCURATE CARGO SERVICES, a California corporation, GEORGE HO, individually, and GEORGE HO d/b/a LEADER EXPEDITE,<br><br>Defendants.<br><br>GEORGE HO d/b/a LEADER EXPEDITE,<br><br>Cross Claimant,<br><br>v.<br><br>DARYL HE a/k/a WEN DA HE, individually, STEPHANIE KONG, individually, ACCURATE CARGO SERVICES, a California corporation, and ROES 1 THROUGH 10, inclusive,<br><br>Cross Defendants. | **Case No. 2:16-cv-06321 CAS (PLAx)**<br><br>**JOINT REPORT OF MEETING UNDER RULE 26(f)**<br><br>Scheduling Conference: March 20, 2017 at 11:00 a.m., Courtroom 8D<br><br>Hon. Christina A. Snyder |

| | |
|---|---|
| STEPHANIE KONG, individually, and ACCURATE CARGO SERVICES, a California corporation,<br><br>Cross Claimants,<br><br>v.<br><br>GEORGE HO, individually, GEORGE HO d/b/a LEADER EXPEDITE, and ROES 1 THROUGH 10, inclusive,<br><br>Cross Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The Parties hereby jointly submit their Report of the early meeting of counsel, as required by Fed. R. Civ. P. 26(f), Local Rule 26-1, and this Court's order of January 25, 2017 (Doc. 54). A telephonic conference was held on February 14, 2017 and was attended by Nicole Nehama Auerbach and Daniel C. Wucherer for Plaintiff SCHENKER, INC. ("Schenker"), by David A. Carman for Defendant/Cross Defendant DARYL HE a/k/a WEN DA HE ("Defendant He"), by Steven Berkowitz for Defendants/Cross Claimants/Cross Defendants GEORGE HO and GEORGE HO d/b/a LEADER EXPEDITE ("Defendant Ho"), and by Michael J. Ponce for Defendants/Cross Claimants/Cross Defendants STEPHANIE KONG and ACCURATE CARGO SERVICES ("Defendant Kong and Defendant ACS").

## I. RULE 26(f) DISCOVERY PLAN

In accordance with the requirements of Federal Rule of Civil Procedure 26(f)(3)(A)-(F), the parties submit the following:

### A. Proposed Changes to Rule 26(a)(1) Discovery

The Parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a)(1). Such disclosures will be made on or before February 28, 2017.

### B. Discovery

The parties propose the following with respect to discovery:

#### 1. Scope and Subjects of Discovery

a) Plaintiff Schenker's Subjects On Which Discovery May Be Needed. Without prejudice to its rights to seek discovery on any relevant issue, Schenker contemplates that it will need and seek discovery concerning: all evidentiary support from Defendants and any relevant non-party regarding Schenker's claims, Schenker's damages, and the Defendants' defenses.

b) Defendant He's Subjects On Which Discovery May Be Needed. Without prejudice to his right to seek discovery regarding any other matter, Defendant He anticipates seeking discovery related to the investigation, or investigations, that are claimed to have discovered his alleged wrongdoing.

c) Defendant Ho's Subjects On Which Discovery May Be Needed.

Without prejudice to his rights to seek discovery on any relevant issue, Defendant Ho will seek discovery regarding Schenker's claims and in support of the defenses to such claims, as well as Schenker's investigation it performed, and its knowledge, regarding its claims.

d) Defendant Kong and Defendant ACS's Subjects On Which Discovery May Be Needed.

Without prejudice to their right to seek discovery regarding any other matter, Defendant Kong and Defendant ACS anticipate seeking discovery related to the investigation, or investigations, that are claimed to have discovered their alleged wrongdoing.

e) Agreed Upon Methods, Structure, and Limitations of Discovery.

The anticipated methods of discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of Plaintiff, Defendants, and other relevant witnesses. The parties also agree that discovery need not be conducted in phases or limited in any way beyond the limitations on the scope of discovery set forth in Rule 26(b).

**2. Discovery Cutoff Date**

The parties propose that fact discovery be completed by all parties on or before November 1, 2017.

**3. Protocol for Electronically-Stored Information**

Disclosure or discovery of electronically-stored information should be handled as follows:

a) All electronic files are to be produced in their native format as kept in the ordinary course of business, along with any program used to open those

files. Electronic files will be produced along with a Concordance (OPT and DAT) load file. Metadata shall not be removed from any file prior to production.

b) Images will be produced in color as single-page tiffs, accompanied by a Concordance (OPT) load file containing the beginning and ending Bates numbers, document ID, and full storage path for each document as well as identification of any family relationship or association. Full extracted text for all separately stored information will also be produced in a separate text file for each document.

c) If any electronic file cannot reasonably be produced in its native format, all documents within that file are to be produced electronically in optical character recognized (also known as "OCR"-ed) portable document format (PDF), accompanied by a declaration from counsel explaining the reason the electronic file could not be produced in its native format.

**4. Procedures for Resolving Disputes Regarding Claims of Privilege**

The parties anticipate that some documents may be designated as privileged attorney-client materials or work product and will try to work together to the extent there are issues regarding the same. The parties agree to use the procedures set forth in Fed. R. Civ. P. 26(b)(5) and Federal Rule of Evidence 502 regarding any claims of privilege or protecting materials asserted as being for trial-preparation.

**5. Changes in Discovery Limitations**

The parties do not request any changes in the discovery limitations set forth in the Federal Rules of Civil Procedure.

**6. Other Orders**

The parties intend to submit a proposed protective order for this Court to issue under Rule 26(c).

## II. THIS MATTER IS NOT COMPLEX

The parties agree that this matter is not "complex" within the meaning of the Manual for Managing Complex Litigation and that the procedures in the Manual need not be utilized in managing this matter.

## III. PROPOSED MOTION AND TRIAL SCHEDULE

a. Dispositive Motions: Plaintiff Schenker anticipates that it will file a dispositive or partially dispositive motion. Each of the Defendants also anticipates that they may file a dispositive motion or partially dispositive motion. The parties propose that the deadline to file dispositive motions be December 18, 2017.

b. Pretrial Disclosures: The parties propose March 1, 2018 as the deadline by when all pretrial disclosures must be exchanged under Fed. R. Civ. P. 26(a)(3)

c. Pretrial Conference: The parties propose that a pretrial conference be held on or around March 19, 2018.

d. Trial Date: The parties propose that the time for a trial be set at April 16, 2018, or as soon thereafter as the Court deems appropriate.

## IV. SETTLEMENT AND ADR

Counsel for the parties has discussed the Notice to Parties of Court-Directed ADR Program with their clients. The parties request that they appear before a private mediator and propose that a mediation session occur before November 1, 2017.

## V. TRIAL ESTIMATE

The parties' best estimate at this early stage of the case is that trial will take approximately 7-10 days. All of the parties have demanded a trial by jury.

## VI. ADDITIONAL PARTIES AND CLAIMS

The parties propose September 1, 2017 as the last day by when parties and claims may be added to the case.

## VII. PROPOSED EXPERT DISCOVERY SCHEDULE

The parties propose that the deadlines for disclosure of the identities of expert witnesses

that each party may use at trial to present evidence, and any written report from an expert witness required under Fed. R. Civ. Proc. 26(a)(2)(B), be filed by November 15, 2017. The parties propose that rebuttal expert reports be filed by December 15, 2017. The parties propose that expert discovery be completed by all parties on or before January 8, 2018.

VALOREM LAW GROUP, LLP

Dated: February 28, 2017 By: */s/ Nicole Auerbach*

Nicole Auerbach, IL Bar No. 6217095 (*pro hac)*
Daniel Wucherer, IL Bar No. 6304338 (*pro hac)*
VALOREM LAW GROUP LLP
218 N. Jefferson St., Suite 300
Chicago, IL 60661
nicole.auerbach@valoremlaw.com
daniel.wucherer@valoremlaw.com
(312) 676-5460 (telephone)
(312) 676-5499 (facsimile)

FOLEY & MANSFIELD, PLLP

Mark Sayre #111168
FOLEY & MANSFIELD, PLLP
300 S. Grand Ave., Suite 2800
Los Angeles, CA 90017
msayre@foleymansfield.com
(213) 283-2100 (telephone)
(213) 283-2101 (facsimile)

*Attorneys for Schenker, Inc.*

Dated: February 28, 2017

ROXBOROUGH, POMERANCE, NYE & ADREANI LLP

By: */s/ David A. Carman*
Gary A. Nye
David A. Carman
Attorneys for Defendant and Cross-Defendant Daryl Wen He

Dated: February 28, 2017

LAW OFFICE OF MICHAEL J. PONCE

By: <u>*/s/ Michael J. Ponce*</u>
Michael J. Ponce
Attorneys for Defendant and Cross-Defendant and Cross-Complainants Stephanie Kong and Accurate Cargo Services

Dated: February 28, 2017

THE KADISH LAW GROUP P.C.

By: <u>*/s/ Steven Berkowitz*</u>
Steven Berkowitz
Attorneys for Defendants and Cross-Defendants and Cross-Complainants George Ho and George Ho d/b/a Leader Expedite

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to David A. Carman, counsel for Defendant/Cross-Defendant DARYL WEN HE, Michale J. Ponce, counsel for Defendans/Cross-Defendants/Cross-Complainants STEPHANIE KONG and ACCURATE CARGO SERVICES, and Steven Berkowitz, counsel for Defendants/Cross-Defendants/Cross-Complainants GEORGE HO and GEORGE HO d/b/a LEADER EXPEDITE, and that I have obtained Mr. Carman, Mr. Ponce, and Mr. Berkowitz's authorization to affix their electronic singatures to this document.

Dated: February 28, 2017

VALOREM LAW GROUP, LLP

By: */s/ Nicole Auerbach*

Nicole Auerbach, IL Bar No. 6217095 (*pro hac)*
Daniel Wucherer, IL Bar No. 6304338 (*pro hac)*
VALOREM LAW GROUP LLP
218 N. Jefferson St., Suite 300
Chicago, IL 60661
nicole.auerbach@valoremlaw.com
daniel.wucherer@valoremlaw.com
(312) 676-5460 (telephone)
(312) 676-5499 (facsimile)

FOLEY & MANSFIELD, PLLP

Mark Sayre #111168
FOLEY & MANSFIELD, PLLP
300 S. Grand Ave., Suite 2800
Los Angeles, CA 90017
msayre@foleymansfield.com
(213) 283-2100 (telephone)
(213) 283-2101 (facsimile)

*Attorneys for Schenker, Inc.*