Gary A. Nye
(State Bar No. 126104)
gan@rpnalaw.com
David A. Carman
(State Bar No. 150486)
dac@rpnalaw.com
Members of **ROXBOROUGH,
    POMERANCE, NYE &
    ADREANI, LLP**
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Telephone:  (818) 992-9999
Facsimile:   (818) 992-9991

Attorneys for Defendant and Cross-defendant Daryl Wen He

# THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

# DISTRICT OF CALIFORNIA

SCHENKER, INC., a New York corporation,

   Plaintiff,

  v.

DARYL HE a/k/a WEN DA HE, et.al.

   Defendants.

GEORGE HO, dba LEADER EXPEDITE,

   Cross-claimant,

  v.

DARYL HE, individually, et.al.,

   Cross-defendants.

STEPHANIE KONG, et. ano.,

   Cross-claimants,
  v.

GEORGE HO, individually, et.al.,

   Cross-defendants.

Case No. 2:16-CV-06321 CAS (PLAx)

[Proposed] Stipulated Protective Order

## 1.    A.    Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information, for which special protection from public disclosure, and from use for any purpose other than prosecuting this litigation, may be warranted. Accordingly, the parties hereby stipulate to, and petition the Court to enter, the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed, and the standards that will be applied, when a party seeks permission from the Court to file material under seal.

### B.    Good Cause Statement

This action is likely to involve valuable private, commercial, financial, and/or proprietary information, for which special protection from public disclosure, and from use for any purpose other than prosecution of this action, is warranted. Such private, confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case

decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for, and in the conduct of, trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons, and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public matter, and that there is good cause why it should not be part of the public record of this case.

2. **Definitions**

2.1 <u>Action</u>: this pending federal law suit.

2.2 <u>Challenging Party</u>: a Party, or Non-Party, that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and, as specified above, in the Good Cause Statement.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party, or Non-Party, that designates information or items that it produces in disclosures, or in responses to discovery, as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or

maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation, who has been retained by a Party or its counsel, to serve as an expert witness, or as a consultant, in this Action.

2.8   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record, or any other outside counsel.

2.9   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10   Outside Counsel of Record: attorneys who are not employees of a party to this Action, but who are retained to represent or advise a Party to this Action, and have appeared in this Action on behalf of that Party, or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party, or Non-Party, that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium), and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

/ / /

2.15  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  Scope**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations, by Parties, or by their Counsel, that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.  Duration**

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential, or that was maintained pursuant to this protective order, becomes public, and will be presumptively available to all members of the public, including the press, unless compelling reasons, supported by specific factual findings, to proceed otherwise are presented to the trial judge in advance of the trial. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

/ / /

/ / /

**5.      Designating Protected Material**

5.1      <u>Exercise of Restraint and Care in Designating Material for</u>
<u>Protection</u>. Each Party, or Non-Party, that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies, under the appropriate standards. The Designating Party must designate, for protection, only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept, unjustifiably, within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process, or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated, or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum,

the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains Protected Material. If only a portion, or portions, of the material on the page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party, or Non-Party, that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection, and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion, or portions, of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material, on the record, before the close of the deposition.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix, in a prominent place on the exterior of the container, or containers, in which the information is stored, the legend "CONFIDENTIAL." If only a portion, or portions, of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

/ / /

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection, under this Order, for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. Challenging Confidentiality Designations

6.1 <u>Timing of Challenges</u>. Any Party, or Non-Party, may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq.* Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3 <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived, or withdrawn, the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation, until the Court rules on the challenge.

## 7. Access To, and Use of, Protected Material

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed, or produced, by another Party, or by a Non-Party, in connection with this Action, only for prosecuting, defending, or attempting

-7-

to settle this Action. Such Protected Material may be disclosed only to the categories of persons, and under the conditions, described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13, below (Final Disposition).

All Parties to this Action agree that any Protected Material that is disclosed or produced by another Party or by a Non-Party prior to the Court's entry of this Order is protected by and subject to the terms of this Order.

Protected Material must be stored and maintained, by a Receiving Party, at a location, and in a secure manner, that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court, or permitted, in writing, by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(d)  the Court, and its personnel;

(e)  court reporters, and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action, and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action, to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected Material, unless they sign the "Acknowledgment and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party, or ordered by the Court. Pages of transcribed deposition testimony, or exhibits to depositions, that reveal Protected Material may be separately bound, by the court reporter, and may not be disclosed, to anyone, except as permitted under this Stipulated Protective Order; and

(i)     any mediator, or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.     **Protected Material Subpoenaed, or Ordered Produced, in Other Litigation**

If a Party is served with a subpoena, or a court order, issued in other litigation, that compels disclosure of any information, or items, designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify, in writing, the Designating Party. Such notification shall include a copy of the subpoena or court order.

(b)   promptly notify, in writing, the party who caused the subpoena, or order, to issue in the other litigation, that some, or all, of the material covered by the subpoena, or order, is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, or court order, shall not produce any information designated in this action as "CONFIDENTIAL" before a determination, by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden, and expense, of seeking protection, in that court, of its confidential material, and nothing in these provisions should be construed as authorizing, or encouraging, a Receiving Party in this Action to disobey a lawful directive from another court.

9.   **A Non-Party's Protected Material Sought to be Produced in This Litigation**

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action, and designated as "CONFIDENTIAL." The Party seeking production of information from a Non-Party shall inform the Non-Party about this Order and provide a copy of this Order to the Non-Party. Such information, produced by Non-Parties in connection with this litigation, is protected by the remedies and relief provided by this Order. Nothing in these provision should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement, with the Non-Party, not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify, in writing, the Requesting Party, and the Non-Party, that some, or all, of the information requested is subject to a confidentiality agreement with the Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession, or control that is subject to the confidentiality or non-disclosure agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden, and expense, of seeking protection, in this Court, of its Protected Material.

**10.     Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence, or otherwise, it has disclosed Protected Material to any person, or in any circumstance, not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify, in writing, the Designating Party, of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person, or persons, to whom unauthorized disclosures were made, of all the terms of this Order, and (d) request such person, or persons, to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. Inadvertent Production of Privileged Material, or of Otherwise Protected Material

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege, or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication, or information, covered by the attorney-client privilege, or by work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## 12. Miscellaneous

12.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification, by the Court, in the future.

12.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object, on any ground, to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file, under seal, any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed, under seal, pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record, unless otherwise instructed by the Court.

**13. Final Disposition**

After the final disposition of this Action, within 60 days of a written request, by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party, or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing, or capturing, any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification, to the Producing Party (and, if not the same person or entity, to the Designating Party), by the 60 day deadline, that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing, or capturing, any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain, or constitute,

Protected Material remain subject to this Protective Order, as set forth in Section 4 (Duration).

**14.  Violation of this Order**

Any intentional violation of this Order may be punished by any and all appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May 19, 2017          VALOREM LAW GROUP LLP

By: _____
    Nicole Auerbach
    Henry E. Turner, Jr.
    Daniel Wucherer
    Attorneys for Plaintiff Schenker, Inc.

Dated: May 19, 2017          ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

By: */s/ David A. Carman*
    Gary A. Nye
    David A. Carman
    Attorneys for Defendant and Cross-Defendant Daryl Wen He

Dated: May 19, 2017          LAW OFFICE OF MICHAEL J. PONCE

By: */s/ Michael J. Ponce*
    Michael J. Ponce
    Attorneys for Defendants, Crossclaimants, and Cross-Defendants Stephanie Kong and Accurate Cargo Services

Dated: May 19, 2017                        THE KADISH LAW GROUP, P.C.


                                           By: /s/ Steven Berkowitz
                                               Steven Berkowitz
                                               Attorneys for Defendants,
                                               Crossclaimants, and Cross-Defendants
                                               George Ho, individually, and d/b/a
                                               Leader Expedite


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Dated:  May 30, 2017    _____
                                           United States ~~District~~ Judge
                                                        Magistrate

# EXHIBIT A

## Acknowledgment and Agreement to be Bound

I, _____ [print, or type, full name], of

_____ [print, or type, full address], declare,

under penalty of perjury, that I have read, in its entirety, and understand,

the Stipulated Protective Order that was issued, by the United States District

Court for the Central District of California, on _____[date], in the case of

*Schenker, Inc. v. Daryl He a/k/a Wen Da He, et al.*, Case No. 2:16-CV-06321 CAS

(PLAx). I agree to comply with, and to be bound by, all the terms of the

Stipulated Protective Order, and I understand and acknowledge that failure

to so comply could expose me to sanctions, and to punishment in the nature

of contempt. I solemnly promise that I will not disclose, in any manner, any

information or item that is subject to the Stipulated Protective Order, to any

person or entity, except in strict compliance with the provisions of the

Stipulated Protective Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1        I further agree to submit to the jurisdiction of the United States District
2  Court for the Central District of California, for the purpose of enforcing the
3  terms of the Stipulated Protective Order, even if such enforcement
4  proceedings occur after termination of this action. I hereby appoint
5  _____ [print, or type, full name], of
6  _____ [print, or type, full address, and
7  telephone number], as my California agent for service of process in
8  connection with this action, or in connection with any proceedings related to
9  enforcement of the Stipulated Protective Order.

10  Date: _____

11  City and State where sworn and signed: _____

13  Printed name: _____

15  Signature: _____

1                               **Certification**

2          Pursuant to L.R. 5-4.3.4(a)(2)(i), the filing attorney attests that all other

3 signatories listed, and on whose behalf the filing is submitted, concur in the

4 filing's content, and have authorized the filing.

5

6 Dated: May 19, 2017                            */s/ David A. Carman*

7                                                   David A. Carman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28